UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>PLAINTIFF,<br>v.<br>ROBERT S. LEBEN AND AMY L. LEBEN,<br>DEFENDANTS. | No.<br>CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS |

On March 12, 2014, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against Robert S. Leben and Amy L. Leben ("Defendants"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for alleged violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 *et seq.*, and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (Dkt. No. 1.) In addition, the Commission moved for a preliminary injunction. (Dkt. No. 5.)

The Court has considered the pleadings, exhibits, and memorandum filed in support of the Commission's motion for preliminary injunction, and any opposition papers filed thereto. The Court finds that Defendants, as evidenced by their signatures below, acknowledge service of the Summonses and Complaint, admit to this Court's jurisdiction over them and the subject matter of this action, and admit that venue lies properly with this Court. The Court further finds that Defendants, without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, consent to the entry of this Consent Order for Preliminary Injunction ("Order"). The Court also finds that Defendants' consent to this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce Defendants to consent to this Order.

THE PARTIES AGREE AND THE COURT FINDS THAT:

1. This Court has jurisdiction over the parties, subject matter, and transactions at issue in this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies with this Court pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2012).

3. Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. INJUNCTIVE RELIEF GRANTED

IT IS THEREFORE ORDERED THAT:

4. Defendants, and any person or entity acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall be restrained, enjoined and prohibited, until further order of the Court or final resolution of this matter by the Court, from directly or indirectly engaging in any conduct in violation of Sections 4b(a)(1)(A) and (C), 6(c)(1), 4g(1), and 4m(1) of the CEA, 7 U.S.C. §§ 6b(a)(1)(A) and (C), 9(1), 6g(1), and 6m(1) (2012), and 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2014). Defendant R. Leben, and any person or entity acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of R. Leben, and all persons insofar as they are acting in active concert or participation with R. Leben who receive actual notice of this Order by personal service or otherwise, shall be restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating Sections 4b(a)(1)(A)-(C) of the CEA, 7 U.S.C. §§ 6b(a)(1)(A)-(C) (2012). Defendant A. Leben, and any person or entity acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of A. Leben, and

all persons insofar as they are acting in active concert or participation with A. Leben who receive actual notice of this Order by personal service or otherwise, shall be restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating Regulation 4.20(b) and (c), 17 C.F.R. §§ 4.20(b) and(c) (2014).

5. Defendants are also restrained, enjoined and prohibited until further order of the Court or final resolution of this matter by the Court, from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the CEA, 7 U.S.C. § 1a (2012));

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3 (hh), 17 C.F.R. § 1.3(hh) (2014)) ("commodity options"), security futures products, foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the CEA, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) ("forex contracts"), and/or swaps (as that term is defined in Section 1a(47) of the CEA, 7 U.S.C. § 1a(47) (2012), and as further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2014)) for their own personal account or for any account in which they have a direct or indirect interest;

c. Having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account

involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the CEA, 7 U.S.C. § 1a (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## II. COURT MAINTAINS JURISDICTION

6. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Further, the Court's March 14, 2014 Statutory Restraining Order (Dkt. No. 9) and the terms and conditions set forth therein are incorporated herein by reference

and shall remain in full force and effect until further order of this Court or as otherwise provided herein.

## III. BOND NOT REQUIRED OF PLAINTIFF

7. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

**IT IS SO ORDERED**, this 20th day of March, 2014, at Columbia, South Carolina at 1:28 p.m.

Terry L. Wooten

THE HONORABLE TERRY L. WOOTEN

CONSENTED TO AND APPROVED BY:

Robert S. Leben — Dated: 3/20/14

Amy L. Leben — Dated: 3/20/14

Amanda L. Harding
Elizabeth L. Davis
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5968 (Harding)
Telephone: (202) 418-5301 (Davis)
Facsimile: (202) 418-5937
aharding@cftc.gov
edavis@cftc.gov

Dated: 3/20/14

James Leventis
Assistant United States Attorney
Wells Fargo Building
1441 Main Street, Suite 500
Columbia, S.C. 29201
(803) 929-3000 (main line)
(803) 254-2912 (facsimile)
James.Leventis@usdoj.gov

Dated: 3/20/14